IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

YVES TEIRLYNCK AND TEA )
TEIRLYNCK REVOCABLE TRUST )
)
Plaintiff, ) TC-MD 260124N
)
v. )
)
DESCHUTES COUNTY ASSESSOR ) **ORDER ON PLAINTIFF'S MOTION**
) **TO COMPEL DISCOVERY AND**
) **DEFENDANT'S MOTION FOR**
Defendant. ) **DISCOVERY**

This matter came before the court on Plaintiff's Motion to Compel Discovery, seeking

documents in Defendant's possession, and Defendant's Motion for Discovery, seeking a site

inspection. Plaintiff appeals the value of property identified as Account 132471 (subject

property) for the 2025-26 tax year. (Compl at 1, 4.) Specifically, Plaintiff appeals the valuation

of a pole barn on the subject property for which exception value was added. (*Id*.) Prior to this

appeal, Plaintiff appealed to the Property Value Appeals Board (PVAB), which reduced the

subject property's 2025-26 real market value (RMV) and exception value (EV).

A. *Procedural History*

On April 20, 2026, Defendant filed a Motion for Discovery (Defendant's Motion),

incorporated within its Answer. In its Motion, Defendant asked the court to permit Defendant to

conduct a site inspection of all structures on the subject property. On May 1, 2026, Plaintiff filed

a Motion to Compel Discovery (Plaintiff's Motion), asking the court to compel Defendant to

produce certain documents, records, notes, and communications. The parties filed a series of

responses and replies between May 7, 2026, and May 12, 2026. Plaintiff's Reply in Support of

its Motion filed May 12, 2026, narrowed the scope of the documents requested.

The parties participated in a case management conference on May 26, 2026, and agreed to limit the site inspection to the pole barn. (*See* Journal Entry at 1.) In a letter to the court dated June 10, 2026, Defendant reported compliance with Plaintiff's discovery request and requested to expand the scope of the site inspection beyond the pole barn, based on the possibility of omitted property. (Def's Ltr, June 10, 2026.) On June 17, 2026, Plaintiff replied with additional information concerning the possible omitted property. (Ptf's Ltr, June 17, 2026.) By letter dated June 22, 2026, the court requested an update on the status of discovery by July 6, 2026.

On July 6, 2026, the parties filed letters[1] with the court reporting that neither discovery dispute is resolved. Plaintiff again requested documents from Defendant in four categories: 1) communications with contractors; 2) documents related to the Johnson Ranch Road property; 3) documents supporting the original tax assessment; and 4) documents relating to the appraisers' credentials. (Ptf's Ltr at 1, July 6, 2026.) Defendant repeated its request for "a full inspection of the entire property." (Def's Ltr, July 6, 2026.) The court addresses the parties' motions below.

B.      *Plaintiff's Motion – Document Production*

As noted above, Plaintiff has requested four categories of documents from Defendant. Although Defendant may have produced some documents, Defendant filed objections based on work-product doctrine and relevance. (*See* Def's Resp to Mot to Compel.)

Tax Court Rule-Magistrate Division (TCR-MD) 9 A requires parties to make available any "relevant" documents requested in writing by the opposing party. A motion to compel discovery in the Magistrate Division must "specify the items [the moving party] seeks" and "provide reasons for the request." TCR-MD 9 B(1). The Regular Division Rules (TCR) permit parties to "inquire regarding any matter, not privileged, which is relevant to the claim or defense

---

[1] Defendant submitted one letter and Plaintiff submitted two.

ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND
DEFENDANT'S MOTION FOR DISCOVERY
TC-MD 260124N                                                                                                    2

of the party seeking discovery[.]" TCR 36 B(1).[2]  A party may not object to a discovery request on the basis that it will be inadmissible at trial provided it is "reasonably calculated to lead to the discovery of admissible evidence."  *Id*.  "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  ORS 40.150.[3]  Here, the ultimate issue is the subject property's 2025-26 RMV.  Therefore, Plaintiff's requests are relevant if they lead to the discovery of items that have a "tendency to make the existence of any fact that is of consequence" to the determination of RMV more or less probable.  ORS 40.150.

With those standards in mind, the court addresses each of the four document categories.

1.      *Defendant's communications with contractors*

Plaintiff requests "the underlying specifications, descriptions, and communications provided by [Defendant] to each of the three contractor contacts — 1] SSA/Jason Sutterfield, 2] Cascade Mountain/Scott, and 3] Helios Industries — before and during the solicitation of the cost figures that formed the entire foundation of [Defendant's] PVAB valuation."  (Ptf's Ltr  at 1, July 6, 2026.)  Defendant claims the documents requested are protected work product and therefore are not discoverable.  (Def's Resp at 2.)

Once a taxpayer appeals to PVAB, "opinions of value are developed and presented in connection with litigation."  *Susbauer Rd. LLC v. Washington County* Assessor, TC-MD 230056N, 2023 WL 5814377 at *3 (Or Tax M Div, Sept 7, 2023).  However, Plaintiff argues that it is entitled to facts collected by Defendant's appraiser, not opinions or mental impressions.

---

[2] Although the parties have not requested that the court adopt the Regular Division discovery rules, the court uses them here as a guide.  (*See* Preface to TCR-MD.)

[3] The court's references to the Oregon Revised Statutes (ORS) are to 2023.

Here, Plaintiff seeks to discover "whether [Defendant] described the same structure to its contractors that actually exists on [the] property." (Ptf's Ltr at 1-2, July 6, 2026.) Plaintiff states: "[w]ithout knowing what specifications were provided to each contractor, it is impossible to evaluate whether the resulting figures are comparable to the subject structure at all." (*Id*. at 1.) Defendant's communications with the contractors and the information provided to them were in anticipation of litigation at the PVAB hearing. Such information is protected work product. Plaintiff's request is denied.

2.      *Documents for Johnson Ranch Road Property*

Plaintiff's second request is for "the cost data and supporting documentation for the Johnson Ranch Rd property used as the upper bracket in the PVAB handout." (Ptf's Ltr at 2, July 6, 2026 .) Defendant objects because the request is overbroad and includes documents already in Plaintiff's possession. (Def's Resp at 6-7.) Plaintiff disagrees, asserting that Plaintiff does not "possess the full address, tax account, owner identity, permit records, contractor identity, or cost breakdown for that property." (Ptf's Ltr at 2, July 6, 2026.)

Records kept in the regular course of business and not produced specifically in anticipation of litigation are generally discoverable. *Brink v. Multnomah County*, 224 Or 507, 517, 356 P2d 536, 540 (1960). Defendant maintains property records that are kept in the ordinary course of its assessment function. Assessors maintain databases of properties, including addresses, property descriptions, sales information, and visual representations. While some of this information may be available to the general public through an online search, Plaintiff could not have obtained this information without the property's address or account number.

Plaintiff's request is granted. To the extent the requested documents regarding Johnson Ranch Road were kept in the ordinary course of business, Defendant must produce them.

3.    *Documents supporting original assessment*

Plaintiff's third request is for "the methodology and work papers underlying the original $125,960 assessment of the pole barn, including the specific DOR cost factor table, property classification code, and local modifier applied." (Ptf's Ltr at 2, July 6, 2026.) Defendant claims these records are irrelevant because the PVAB valuations superseded the original roll values. (Def's Resp at 2-3; Decl of Stephanie Marshall at Ex A.) Defendant argues the requested documents are "not reasonably calculated to lead to the discovery of admissible evidence." (*Id.*)

As stated, the Magistrate Division permits discovery of "relevant documents." TCR-MD 9 A. This court has a "low discretionary threshold" for relevance and has shown leniency in this regard. *See 5 SE Mlk Blvd LLC v. Multnomah County Assessor,* TC-MD 240415N, 2024 WL 4891637 at *1 (Or Tax M Div, Nov 26, 2024) (allowing discovery of a 15-month old appraisal report notwithstanding valid concerns about its probative value); *see also Mughal v. Dept. of Rev.,* TC 5458, 2024 WL 4341411 at *14 (Or Tax, Sept 27, 2024) (an appraisal report with an effective date two to four years before the assessment date met "the low discretionary threshold to be considered as evidence under the 'substantial justice' standard, notwithstanding substantial gaps in [its] persuasive value").

Plaintiff's request is granted. Defendant shall produce the documents it relied upon for the original 2025-26 tax roll assessment of the subject property.

4.    *Appraiser credentials*

Plaintiff's fourth and final request is for "documentation confirming the registered appraiser status and continuing education compliance of the appraiser(s) who performed or contributed to the valuation under ORS 308.010 and ORS 308.231." (Ptf's Ltr at 2, July 6, 2026.) Defendant objects to these requests as "an impermissible personal attack on individual

appraiser(s) in Defendant's office" and a "fishing expedition for evidence that is not relevant to Defendant's valuation of Plaintiff's pole barn." (Def's Resp at 4.)

The credibility of experts is relevant under Oregon law. In *Hewlett-Packard Co. v. Benton County Assessor*, the court found that, "to decide a property's real market value, the Tax Court often resolves fact issues relating to the competing testimony of appraisal experts, including the credibility and persuasiveness of those experts." 357 Or 598, 609, 356 P3d 70 (2015). In *Astoria Plywood Corp. v. Department of Revenue*, the court considered whether a witness acted as a "trained, independent, knowledgeable property tax appraiser." 7 OTR 265, 272 (1977). This information is not protected work product and is relevant to this proceeding.

Plaintiff's request is granted. Defendant shall produce the appraisers' credentialing information requested by Plaintiff.

C.      *Defendant's Motion – Site Inspection*

Defendant initially requested a site inspection of all structures on the subject property. (Ans at 2-3.) During the case management conference on May 26, 2026, Defendant agreed to limit the site inspection to the pole barn. (*See* Journal Entry at 1.) However, in its July 6, 2026, letter to this court, Defendant again requested "a full inspection of the entire property" due to concerns regarding "the tone and demands in [Plaintiff's] email" dated July 3, 2026, and attached to the letter—concerns Defendant also raised in a June 10, 2026, letter to this court.[4] (Def's Ltr at 1, July 6, 2026.) Plaintiff agrees to the pole barn inspection but objects to a full site inspection, claiming "this is the *third occasion* on which [Defendant] has agreed to or confirmed

---

[4] The precise nature of Defendant's concerns are not entirely clear but appear to pertain to the possibility of additional improvements made to the subject property. (Def's Ltr, June 10, 2026.) Defendant initially stated that the subject property might include a swimming pool omitted from the tax roll. (*Id.*) However, Defendant's subsequent letter to the court made no mention of a swimming pool. (Def's Ltr, July 6, 2026.)

a barn-only inspection scope and then sought to expand it." (Ptf's Second Ltr at 2, July 6, 2026.) (Emphasis in original.)

A site inspection is typically part of discovery when the value of real property is at issue. *See Poddar v. Dept. of Rev.*, 328 Or 552, 562, 983 P2d 527 (1999) (inspection "reasonably calculated to lead to the discovery of admissible evidence"); *see also Salisbury v. Dept. of Rev.*, 24 OTR 497, 510 (2021) (inspection allows each party to gather facts about the value of the property to present to the court so that the court may determine the correct value pursuant to statute). This court generally grants a site inspection in valuation cases even where the taxpayer argues that Defendant has sufficient information from a prior inspection conducted to prepare for a PVAB hearing. *See Yarbrough v. Marion County Assessor*, TC-MD 250214N, 2025 WL 3089777 at *2 (Or Tax M Div, Nov 5, 2025). If Plaintiff disagrees with the analysis and conclusions Defendant presents after its inspection, its remedy is "to point out any flaws, attempted overreach, or overlooked facts in [Defendant's] appraisal, and to present and substantiate [its] own set of facts and conclusions." *Salisbury*, 4 OTR at 511-12.

The valuation of the pole barn is at issue in this case, and an inspection of that structure is reasonable. However, a concerning tone in Plaintiff's correspondence is not a valid reason to grant an inspection of the entire property, as Defendant requests. Defendant has not articulated a well-founded reason to justify granting a full inspection. Therefore, the court declines to grant Defendant's request at this time. Plaintiff shall allow an inspection of the pole barn.

D.    *Conclusion*

Plaintiff's Motion is granted in part and denied in part, and Defendant's Motion is granted in part and denied in part. Defendant will produce all responsive, non-privileged documents in its possession, custody, or control relating to: 1) documents related to the Johnson

Ranch Road property; 2) documents supporting the original property tax assessment; and 3) documents related to the appraisers' credentials. Plaintiff will allow Defendant to conduct a site inspection of the pole barn on the subject property. Now, therefore,

IT IS ORDERED that Plaintiff's Motion is granted in part and denied in part. Defendant will produce the requested documents by July 28, 2026.

IT IS FURTHER ORDERED that Defendant's Motion is granted in part and denied in part. Plaintiff will allow Defendant to conduct a site inspection of the pole barn on the subject property by July 28, 2026.

_____

*This interim order may not be appealed. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved. ORS 305.501.*

*This Order was signed by Presiding Magistrate Allison R. Boomer and entered on July 10, 2026.*